UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

E-YAGE BOWENS,

v.  Case No. 3:23cv7353-LC-HTC

DUNS TRUSTEE #004078374,

_____/

## REPORT AND RECOMMENDATION

E-Yage Bowens, a prisoner at Backwater River Correctional Rehab Facility, proceeding *pro se*, initiated this action by submitting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] to the Clerk. ECF Doc. 1. The undersigned has reviewed the purported petition and recommends this action be DISMISSED.

First, what Bowens has submitted to the Court, under the guise of a habeas petition, is nonsensical and utterly indecipherable. Second, even if the submission could be read liberally as a habeas petition, it would be a successive petition as Chief Judge Walker dismissed a similar petition as "frivolous". *See Bowens v. Warden*,

---

[1] Although Bowens used a § 2241 form, the clerk docketed the petition as arising under § 2254. From what the undersigned can discern, however, nowhere in the petition does Bowens specifically seek to be released from custody or even identify the judgment of conviction which he is challenging. Instead, he states that he is challenging "Trustee Duns #004078374's ultra vires claims of subject matter and personal jurisdiction over sole beneficial, with equitable title to obligate him to involuntary servitude …" ECF Doc. 1 at 2. He identifies 13-2011-CF-001982-0001-xxREG#F-11-001982" as a "Federal Tax Account/Debt number". *Id.*

4:20-cv-136-MW/MAF, ECF Doc. 4 (Report and Recommendation). Third, to the extent Bowens' submission seeks to assert any other claim, Bowens is a 3-striker who did not pay the filing fee.

This action is Bowens' *sixth* purported habeas case and *eleventh* action. Bowens filed two petitions in 2015 and one in 2016. *See Bowens v. Jones,* 1:15-cv-278-MP/CAS; *Bowens v. Warden*, 4:15-cv-494-MW/GRJ; and *Bowens v. Jones*, 1:16-cv-263-MP/EMT. In each instance a judge in this District construed the petition as one arising under 28 U.S.C. § 2254 and transferred the case to the Southern District of Florida because Petitioner was convicted and sentenced in the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.[2] In those petitions, Bowens sought "immediate release." *See e.g., Bowens v. Jones,* 1:15-cv-278-MP/CAS, ECF Doc. 3 (Report and Recommendation); *Bowens v. Jones*, 1:16-cv-263-MP/EMT, ECF Doc. 3 (Transfer Order).[3]

In 2000, Bowens filed a fourth habeas petition in this District, and, rather than transfer the case the Southern District, Judge Stampelos recommended the petition be dismissed with prejudice as frivolous. Like the 2000 petition, Bowens has failed to raise any basis for relief under § 2241. Instead, as in the 2000 petition, in this

---

[2] Bowens was convicted of multiple counts of sexual battery and has a projected release date of 2421.
[3] As discussed by Judge Stampelos in Bowens' 2000 petition, once in the Southern District, the petitions were dismissed for failure to comply with court orders or failure to exhaust. *See Bowens v. Warden*, 4:20-cv-136-MW/MAF, ECF Doc. 4 (Report and Recommendation).

action, Bowens appears to seek relief based on a "breach of contract." *See* ECF Doc. 1 at 7-8. As Judge Stampelos aptly recognized, Bowens' "asserts the usual gibberish sometimes associated with an alleged 'sovereign citizen.'" *See Bowens v. Warden*, 4:20-cv-136-MW/MAF, ECF Doc. 4 at 3. Such "gibberish" does not support relief under § 2241. Moreover, given the prior dismissal on the merits, to the extent Bowens' filing is construed as a § 2241 petition, it is successive. *See Glumb v. Honsted,* 891 F.2d 872, 873 (11th Cir. 1990) (holding magistrate judge was correct in concluding claims were successive because they had previously been litigated and adjudicated in a prior habeas proceeding, citing 28 U.S.C. § 2244(a)).

Finally, to the extent Petitioner was seeking to bring a civil rights action, he is a 3-striker, who is not under imminent danger of serious physical injury and who failed to pay the filing fee. *See Bowens v. Adams*, 4:16-cv-495-RH/GRJ, ECF Doc. 10 (Report and Recommendation), 2016 WL 6133842, at *1 (N.D. Fla. Oct. 18, 2016) (recognizing Bowens has at least three strikes under 28 U.S.C. § 1915(g)). Thus, any such claim would be subject to dismissal. *See* 28 U.S.C. § 1915(g) (barring a prisoner who has three strikes from proceeding *in forma pauperis* absent a showing of imminent danger); *see also, Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma*

*pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit").

Accordingly, it is respectfully recommended that,

1. The petition, ECF Doc. 1, be DISMISSED.

2. All pending motions be terminated.

DONE this 5th day of April 2023.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:23-cv-7353-LC-HTC